# THE STATE v. SCROGGS, Appellant.

## Division Two, November 18, 1902.

1. **Attempt to Cheat:** FELONY: PUNISHMENT. An indictment which charges that the defendant "unlawfully, designedly and feloniously attempted," by certain false and fraudulent pretenses and false representations, to cheat another out of $350, charges a felony. The maximum punishment for such attempt is one-half the longest punishment prescribed for the offense of actually stealing that amount of money, and the stealing of that sum is grand larceny, the maximum punishment for which is five year's imprisonment. So that where defendant's punishment is fixed at two years' imprisonment in the penitentiary for such attempt, it can not be said that the defendant was convicted for a felony under an indictment which charges only a misdemeanor.

2. ———: FACTS STATED. The defendant and the prosecuting witnesses were partners in business. By the terms of the association the prosecutor furnished all the money and agreed to be responsible for all the debts of the firm, and defendant was to do all the business, making its contracts, purchases and sales. Defendant, having entered into a conspiracy with two accomplices, represented to his partner that he had borrowed $350 from the co-conspirators with which he had purchased a safe for the firm and that the reason it was not paid for was that some unknown persons had broken into the safe and stolen therefrom the sum of $680. These statements were false, but he had his two conspirators present the account for that sum to his partner and demand payment thereof. His partner made preparation to pay the money, but being warned made investigation and discovered the scheme. *Held*, that these facts were sufficient to convict defendant of an attempt to feloniously and designedly cheat his partner out of the $350 by false and fraudulent pretenses and false representations.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon*, Judge.

AFFIRMED.

*Robertson & Robertson* for appellant.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

(1.) The information in this case is good. It follows the statute, properly charges the crime and informs the defendant of the charge against him. Thus it is amply sufficient. State v. Turley, 142 Mo. 403. Nor is the information void from duplicity, as contended by appellant in his motion for a new trial. State v. Wilson, 143 Mo. 334. (2) Defendant contends that under the law he could only be convicted of a misdemeanor. This contention is not well taken. Under the statute under which the defendant was prosecuted, if the value of the property which he attempted to take was more than thirty dollars, he was liable to be convicted of grand larceny; if it was less than thirty dollars, then his punishment could only be imprisonment in the county jail not exceeding one year, or by a fine not exceeding one hunded dollars, or by both such fine and imprisonment. State v. Brossler, 139 Mo. 525. The information in this charge was filed and the prosecution based under the provisions of section 1927, Revised Statutes 1899, or under section 2360, Revised Statutes 1899. The first section makes it a felony for one to, by false pretenses or representations, obtain money or property of another of the value of thirty dollars. The other section places the same penalty and makes an attempt to do the things charged in the former section a felony. There is no question but that defendant was charged with a felony and properly convicted of a felony.

GANTT, J.—This is a prosecution by information filed in the criminal court of Greene county, by the prosecuting attorney of that county. By it the defendant was charged with an attempt to obtain from William V. Hamel three hundred and fifty dollars by means of certain false and fraudulent pretenses and false representations.

For some six months prior to July, 1901, the de-

·fendant and one William V. Hamel were doing business in the city of Springfield, Missouri, under the firm name of J. H. Scroggs & Company, their business being that of a retail meat market, and under the terms of the partnership that existed between them, William V. Hamel furnished all the money for said business and the defendant acted as manager of the business and attended to all the details, buying cattle for said meat market, paying for the same, making all collections and attending to the matter in every way, and the net profits were to be divided between them.

The prosecuting witness, William V. Hamel, the record shows, is a minister of the gospel and defendant pretended to be worked up over religious matters and attended Mr. Hamel's church and finally became a member thereof, under probation, however. It was during this time that defendant induced Mr. Hamel to go into this business under these terms.

In July, 1901, the defendant and Hugo Hulse and Mike Nibler went into a combination, by, through and under the direction of the defendant, by which they were to cheat and defraud Mr. Hamel out of the sum of three hundred and fifty dollars. In pursuance to their scheme defendant represented to Mr. Hamel that he had borrowed from Hulse and Nibler the sum of three hundred and fifty dollars and had invested it in the business in which they were partners; that he had no money with which to pay this debt, and he undertook to induce Mr. Hamel to pay the same, as he had done on occasions previous to this, and he gave as his reasons for not having the money to pay this debt, that the iron safe in the office of J. H. Scroggs & Company had been opened and about six hundred and eighty dollars belonging to the said firm stolen by some unknown parties, and that on account of this the said Hamel would have to put up the money to pay Hulse and Nibler. They failed to carry out their plan and Hamel was not cheated out of the said three hundred and fifty dollars, but it was for the attempt to so cheat and defraud him that defendant brought upon himself

this prosecution. He was found guilty under the instructions to the jury and his punishment assessed at two years in the penitentiary.

In due time he filed motions for a new trial and in arrest which were overruled and he perfected his appeal to this court and gave a supersedeas bond. The defendant is not represented in this court, and we have been required to examine the record without assistance from his counsel.

The information states that on the . . . day of July, 1901, the defendant Scroggs and one William V. Hamel were co-partners doing business under the firm name and style of J. H. Scroggs & Co., at Springfield, Greene county, Missouri; that Hamel furnished all the capital in said business and Scroggs was the manager and attended to all the business and had charge of all moneys and accounts, and had authority to contract debts in behalf of said firm and borrowed moneys therefor, the said debts to be paid out of the receipts of said business and when not sufficient said Hamel was to furnish the same. The information then charges that: "On the said day of July, 1901, at the county of Greene and State of Missouri, the said James H. Scroggs, being then and there a partner of the said William V. Hamel, as aforesaid, and operating said business as aforesaid, and having authority to borrow money for the firm of J. H. Scroggs & Co., as aforesaid, and being then and there in an unlawful conspiracy, combination, confederation and agreement with Hugh Hulse and Mike Nibler, then and there being, then and there feloniously and unlawfully to cheat and defraud said William V. Hamel out of a large amount of money, to-wit, of the sum of three hundred and fifty dollars, lawful money of the United States belonging to the said William V. Hamel, did then and there in the prosecution and furtherance of said unlawful conspiracy, confederation, combination, and agreement, unlawfully and feloniously and designedly, with the intent to cheat and defraud the said William V. Hamel, by the means of the false pretenses and statements and representa-

tions hereinafter set forth, attempted to obtain from the said William V. Hamel, a large sum of money, to-wit, the sum of three hundred and fifty dollars, lawful money of the United States, of the value of three hundred and fifty dollars, and belonging to the said William V. Hamel, and in such attempt, the said defendant, James H. Scroggs, on the said . . . day of July, 1901, at the county of Greene and State of Missouri, with the intent then and there unlawfully and feloniously to cheat and defraud the said William V. Hamel, then and there unlawfully and knowingly and feloniously did falsely and fraudulently represent, state and pretend to the said William V. Hamel, that he, the said James H. Scroggs, while acting for the said firm of J. H. Scroggs & Co., had a short time, to-wit, a few days prior to said day of July, 1901, in the name of the firm of J. H. Scroggs & Co., borrowed from the said Hugh Hulse and Mike Nibler, the sum of three hundred and fifty dollars, and that the said sum of three hundred and fifty dollars, so borrowed, had gone into the business of the said firm of the said J. H. Scroggs & Co., then and there owed the said Hugh Hulse and Mike Nibler the said sum of three hundred and fifty dollars and had no money on hands with which to pay it. And further, in such attempt to unlawfully and feloniously obtain from the said William V. Hamel, the said sum of three hundred and fifty dollars, the said defendant, James H. Scroggs, on the said . . . day of July, 1901, at said county and State, with the intent then and there unlawfully and feloniously to cheat and defraud the said William V. Hamel, then and there unlawfully and knowingly and feloniously and fraudulently caused the said Hugh Hulse and Mike Nibler to present to the said William V. Hamel a bill for the said three hundred and fifty dollars and to state to the said William V. Hamel that the said three hundred and fifty dollars was then and there loaned by them the said Hugh Hulse and Mike Nibler to the said James H. Scroggs for the firm of J. H. Scroggs & Co., and to demand of the said William V. Hamel the said sum of three hundred and fifty

dollars. And further in such attempt to unlawfully and feloniously obtain from the said William V. Hamel the said sum of three hundred and fifty dollars, the said defendant, James H. Scroggs, then and there at the said county and State, with intent then and there unlawfully and feloniously to cheat and defraud the said William V. Hamel, then and there unlawfully and knowingly, and feloniously and fraudulently did falsely and fraudulently represent, state and pretend to the said William V. Hamel that the safe in the said meat market of the said J. H. Scroggs & Co., at 512 East Commercial street, in the city of Springfield, in said county and State, had been a few days prior thereto broken into by some party or parties unknown to him, the said James H. Scroggs, and a large amount of money, to-wit, about six hundred and eighty dollars, lawful money of the United States, belonging to the said firm of J. H. Scroggs & Co., had been stolen by such unknown party or parties, and that on account of such theft of the said six hundred and eighty dollars, belonging to the said firm of J. H. Scroggs & Co., he, the said James H. Scroggs, had not enough money and property in his possession with which to pay the debts of the said firm of J. H. Scroggs & Co., and the said William V. Hamel, believing the said false and fraudulent representations, statements and pretenses, so made as aforesaid, by the said James H. Scroggs, to be true and being deceived thereby, was induced by reason thereof, to then and there begin preparations to pay the said sum of three hundred and fifty dollars to the said Hugh Hulse and Mike Nibler. And the said James H. Scroggs by means and by use of the said false and fraudulent representations, statements and pretenses, so made as aforesaid, then and there unlawfully, knowingly and feloniously and designedly did attempt to obtain from him the said William V. Hamel, the said three hundred and fifty dollars, lawful money aforesaid of the value of $350 the property of him the said William V. Hamel, then and there being, with intent then and there unlawfully and feloniously to cheat and defraud him, the

said William V. Hamel, of the same, and he the said James H. Scroggs, failed in the perpetration of said crime.''

The pleader then specifically negatived each of the said alleged false and fraudulent statements and pretenses and concluded against the peace and dignity of the State.

The record is needlessly incumbered with copies of subpoenas and orders of the court having no relevancy to the case, in defiance of our rules. The defendant was duly arraigned and pleaded not guilty and a jury was duly impaneled. The evidence tended strongly to prove that defendant pretended that the safe of the firm had been cut into and the moneys therein, some six hundred and eighty dollars, stolen; that thereupon Hamel, the responsible partner, began an investigation of the business and was informed by defendant that the firm was indebted to the firm of Hulse and Nibler to the amount of $350, and produced an account in their favor for that amount; that Hamel went to Hulse and Nibler and inquired about it and they presented the said account; that Hamel began to make arrangements to borrow the money, believing the story which defendant had told him. It further appeared that Scroggs had said to Hulse and Nibler that he had been gambling, and had won $350, and put it in the business and desired to get it out without letting Hamel know of his gambling, and desired them to present him the account, and they consented to aid him in getting it from Hamel, and represented to Hamel that J. H. Scroggs & Co., owed it to them. Hamel's suspicions were aroused in regard to the robbery of the safe, and he finally accused defendant of feigning it, and defendant then told him he would not have to pay the $350 as it did not go into the business. Thereupon defendant was arrested and convicted.

The instructions were full and correctly declared the law. Several prayed by defendant were covered by those given by the court and the others were not correct declarations of law.

The conspiracy was clearly proved. A scheme to defraud defendant's partner was disclosed which only failed after the attempt was made because outsiders aroused Hamel's suspicions.

One ground of the motion in arrest is that the defendant is charged with a misdemeanor only and had been convicted of a felony.

This objection is without merit. The amount of money which defendant endeavored and attempted to obtain by the false and fraudulent pretenses was $350 and if he had succeeded, clearly he would have been guilty of a felony, to-wit, the obtaining of that amount of money by a false and fraudulent pretense and representation as defined in section 1927, Revised Statutes 1899, and would have been punishable to the same extent as for feloniously stealing the said money. If he had been convicted of stealing $350 he would have been guilty of grand larceny and punishable by imprisonment in the penitentiary not exceeding five years, and under section 2360, Revised Statutes 1899, "if the offense so attempted be punishable by imprisonment in the penitentiary, and a maximum punishment be prescribed therefor, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one-half of the longest time prescribed for such offense," to-wit, in this case, one-half of five years. Thus it is plain that his offense was a felony and his punishment of two years is within the punishment prescribed, and so the court correctly instructed the jury that if they found defendant guilty they would assess his punishment at not less than two nor more than two and one-half years in the penitentiary.

The court carefully guarded the defendant's rights by giving a cautionary instruction as to the credit to be given his accomplices Hulse and Nibler.

We discover no error in the record and the judgment is affirmed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.